**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONG WANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-08865 |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Cong Wang ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The University of Chicago ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. is a federal statute.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction have been satisfied.

5.      A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. **<u>OR:</u>**

## <u>PARTIES</u>

7.      Plaintiff is a natural person, over 18 years of age, who at all times relevant resided in Ingham County, Michigan.

8.      Defendant is a corporation that specializes in education.

9.      Plaintiff was an applicant for a position with Defendant within the meaning of ADEA, 29 U.S.C. §623.

10.      During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## <u>BACKGROUND FACTS</u>

11.      Plaintiff is 41 years old.

12.      Plaintiff was denied employment by Defendant on the basis of his age.

13.      Plaintiff is 41 years old and is a member of a protected class because of Plaintiff's age.

14.      On or around February 17, 2023, Plaintiff reached out to Professor Laura

Gagliardi to share his updated qualifications and inquire about current or upcoming opportunities.

15.     At this time, Laura was teaching at the University of Chicago.

16.     Plaintiff was very interested in joining the professor's research group, known as the Gagliardi group.

17.     Plaintiff noted that he had not been selected for the position when he applied in or around 2019, but that he had greatly enhanced his relevant experience since that time.

18.     Professor Gagliardi responded that there were no openings.

19.     On or about August 9, 2024, Plaintiff again reached out to Professor Laura Gagliardi to inquire about potential post-doctoral opportunities in her research group.

20.     Nothing came of this.

21.     On or about November 22, 2024, Plaintiff again applied for a post-doctorate associate position with Professor Laura Gagliardi.

22.     Plaintiff expressed interest in the post-doctoral position relating to "Localized Quantum Chemistry Algorithms" in collaboration with Dr. Mario Motta/

23.     This position had been advertised on LinkedIn.

24.     Plaintiff noted how the position aligned well with his experience.

25.     The same day, Plaintiff received an email from the professor rejecting his application.

26.     In the email, the Professor wrote: "You have reached out to me several times. I appreciate your expertise and interest in my group. However, I do not hire people who are as senior as you are (you had your PhD in 2010). I encourage you to apply elsewhere."

27.     Plaintiff was therefore not given employment as a result of his age.

28. Plaintiff was well qualified for this position.

29. Plaintiff's experience and qualifications were not the issue, as evidenced by the email sent by Professor Gagliardi.

30. The Professor's email directly references the amount of time since Plaintiff received his PhD and, therefore, his age.

31. This policy or practice of rejecting applicants based on the seniority and/or PhD graduation year disproportionately impacts individuals 40 years or old, including Plaintiff.

32. This practice violates the Age Discrimination in Employment Act of 1967, as amended.

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*

35. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (41).

36. Plaintiff applied for and did not receive the post-doctorate associate position(s) with Defendant.

37. Plaintiff was qualified for Defendant's post-doctorate associate position.

38. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (applicants younger than Plaintiff).

4

39.     Defendant failed to hire Plaintiff on the basis of Plaintiff's age.

40.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

41.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.     Back pay with interest;

    b.     Payment of interest on all back pay recoverable;

    c.     Front pay;

    d.     Loss of benefits;

    e.     Compensatory and punitive damages;

    f.     Reasonable attorneys' fees and costs;

    g.     Award pre-judgment interest if applicable; and

    h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 29, 2025.                    Respectfully submitted,


                            */s/ Chad W Eisenback*
                            **CHAD EISENBACK, ESQ.**
                            IL Bar No.: 6340657

**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*