UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONG WANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-08865 |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | Mag. Judge Albert Berry III |
| | ) | |
| Defendant. | ) | |

THE UNIVERSITY OF CHICAGO'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant The University of Chicago ("the University") moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the sole count of Plaintiff Cong Wang's ("Plaintiff's") Complaint in which he brings a claim for age discrimination under the Age Discrimination Employment Act ("ADEA").

INTRODUCTION

Plaintiff is asserting a claim he cannot bring and alleging age discrimination where none exists. He alleges that when he sought a post-doctoral associate position on a University of Chicago professor's research team, the professor told him that his application would not be considered because he did not have the right experience level for the job, which was intended for those who had recently earned their PhD. Despite his patent unsuitability for the position, Plaintiff sued the University alleging that the professor's choice to factor in the length of time that someone has held a PhD when deciding how to fill out her post-doctoral team has a disparate impact on older applicants in violation of the ADEA.

Plaintiff's claim fails and should be dismissed for two reasons. First, the ADEA does not give applicants, like Plaintiff, the ability to bring a disparate impact claim. Disparate impact claims under the ADEA are reserved instead for individuals who are already employees. Second, Plaintiff did not have the right experience level for the position and therefore was rejected based on a reasonable factor other than age, which does not constitute a violation of the ADEA.

## FACTUAL ALLEGATIONS

Plaintiff is 41 years old and received his PhD in Physical Chemistry in 2010. (Doc. 1, Compl. ¶¶ 1, 26; Doc. 1-1, Ex. A to Compl. at 2.) He alleges that he first applied to join University of Chicago Professor Laura Gaglidari's research group in approximately 2019, but he was ultimately not selected. (Doc. 1, Compl. ¶¶ 15–17.) According to Plaintiff, he then reached out to Professor Gagliardi to inquire about joining her team two more times in 2023 and 2024 and either did not get a response or learned that there were no openings. (Doc. 1, Compl. ¶¶ 14, 18–20.) Plaintiff alleges that he reached out to Professor Gagliardi about employment a final time in November 2024 because he saw a post-doctorate associate position on her team advertised on LinkedIn. (Doc. 1, Compl. ¶¶ 21–24.) Professor Gagliardi responded to Plaintiff the same day by email, stating "You have reached out to me several times. I appreciate your expertise and interest in my group. However, I do not hire people who are as senior as you are (you had your PhD in 2010). I encourage you to apply elsewhere." (Doc. 1, Compl. ¶ 25–26.)

Plaintiff filed this lawsuit in July 2025, pleading a single ADEA disparate impact claim. He specifically alleged that he was denied employment because Professor Gagliardi's "policy or practice of rejecting applicants based on the seniority and/or PhD graduation year *disproportionately impacts* individuals 40 years or old[er], including" himself. (Doc. 1, Compl. ¶¶ 31–32. (emphasis added).)

2

## ARGUMENT

**I. LEGAL STANDARD**

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Kaminski v. Elite Staffing Inc.,* 23 F. 4th 774, 776 (7th Cir. 2022). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation omitted). *See also McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (affirming dismissal of complaint where plaintiff simply recited the elements of his claims without alleging specific facts). Further, a plaintiff may plead himself out of court if the pleadings allege facts that demonstrate the plaintiff cannot state a claim. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753–54 (7th Cir. 2002).

**II.     PLAINTIFF'S ADEA CLAIM SHOULD BE DISMISSED.**

Plaintiff's ADEA disparate impact claim should be dismissed both because such a claim is not available to an applicant like Plaintiff and because Plaintiff's own pleadings demonstrate that Professor Gagliardi relied on a reasonable factor other than age in rejecting Plaintiff's application. To adequately plead an ADEA disparate impact claim, "a plaintiff must allege that defendant's policies or practice are facially neutral but effectively discriminatory and thereby violate an anti-discrimination statute." *Swenson v. Bd. Of Educ. of the City of Chi.*, 2021 U.S. Dist. LEXIS 196115, No. 20-cv-06558, at *8 (N.D. Ill. Oct. 12, 2021) (internal quotations omitted). A

3

challenged policy violates an anti-discrimination statute if it both falls more harshly on one group than another and cannot be justified by business necessity. *Carson v. Lake Cty.*, 865 F.3d 526, 532 (7th Cir. 2017) (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). A defendant is not liable for a disparate impact claim if the policy being challenged was based on a reasonable factor other than age. *Dayton v. Oakton Cmty. Coll.*, 907 F.3d 460, 465 (7th Cir. 2018). Here, Plaintiff, as an applicant, cannot seek relief under the ADEA for a disparate impact claim in the first place, and, even if he could, would fail to state a claim upon which relief could be granted because he acknowledges that his rejection was tied to his level of experience not fitting the position for which he applied.

A. **Plaintiff has no cause of action for a disparate impact claim under the ADEA.**

The Seventh Circuit has resolved that §4(a)(2) of the ADEA, the subsection authorizing disparate impact claims, does not allow a job applicant to bring a disparate impact claim. "[Section] 4(a)(2) makes clear that Congress, while protecting *employees* from disparate impact age discrimination, did not extent that same protection to *outside job applicants*." *Kleber v. CareFusion Corp.*, 914 F.3d 480, 481 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 306 (2019) (emphasis added). In reaching that conclusion, the Seventh Circuit, sitting *en banc*, joined other circuits in resting its decision on the fact that §4(a)(2) does not include specific language extending the protections against disparate impact to applicants in the same way that other statutes, like Title VII, do. *See Kleber*, 914 F.3d at 482–85; *see also Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 963 (11th Cir. 2016) (reaching the same conclusion); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 188 (5th Cir. 2003) (same). The *Kleber* holding, while officially putting the question to rest, was not the first time the Circuit had noted that difference in §4(a)(2)'s scoping language. *See EEOC v. School*, 41 F.3d 1073, 1077–78 ("The 'mirror' provision in the ADEA omits from its coverage, 'applicants for employment.' In light of the ADEA's nearly verbatim adoption of

4

Title VII language, the exclusion of job applicants from subsection (2) of the ADEA is noteworthy."). Further, the *Kleber* decision has been cited within this district as precluding applicants from raising an actionable disparate impact claim. *See Harper v. Bob Rohrman Pre-Owned Car Superstore*, No. 16 CV 6941, at *21–22 (recognizing that *Kleber* held that the "ADEA's disparate impact provision does not apply to outside job applicants" while denying the plaintiff's disparate impact claim on other grounds).

Here, Plaintiff specifically alleges that he was an applicant for the post-doctoral position with Professor Gagliardi's team. (Doc. 1, Compl. ¶¶ 21–26, 31.) Therefore, *Kleber* precludes Plaintiff from bringing the disparate impact claim he pleaded in his Complaint, and Plaintiff's claim should be dismissed. The dismissal should be with prejudice because, as Plaintiff notes, he was not a University employee. As a result, he cannot state a disparate impact claim and an amendment would be futile.

### B. The denial of Plaintiff's application was based on his level of experience and thus a reasonable factor other than age.

Even if Plaintiff could bring a disparate impact claim under the ADEA, his claim would still fail because Plaintiff pleaded that Professor Gagliardi based her decision on Plaintiff's level of experience not fitting the position, a reasonable factor other than age. The rejection of an applicant because he or she has more experience than is fitting for the position is a well-recognized, non-discriminatory basis for an employment decision. For example, in *Senner v. Northcentral Technical College*, the Seventh Circuit held that a 54-year-old male candidate for an instructor job at a technical college who held a doctorate in education but lost out on the position to a younger, less qualified female could not succeed on his age-discrimination claim because the school could justifiably believe that his level of experience did not fit the position. 113 F.3d 750, 756 (7th Cir. 1997) ("It may be unfair for instructors at a technical college to think that a colleague with a

doctorate is over-qualified to teach their students, but it is hardly proof of . . . age discrimination . . ."). Additionally, in *Johnson v. Cook Inc.*, the Seventh Circuit again recognized that level of experience was a legitimate basis for rejecting a candidate when it held that the defendant company did not discriminate on the basis of age when it chose not to hire plaintiff, a man who had been out of school for 30 years and accrued many years of sales experience, for an entry level sales job. 327 F. App'x 661, 664–65 (7th Cir. 2009) ("Cook was perfectly free to reject [plaintiff's] application because with his surfeit of sales experience, he did not meet the job requirements; *i.e.* he was *unqualified* for Cook's entry-level jobs.") (emphasis in original). These decisions are not outliers. Experience level has regularly been deemed a legitimate, non-discriminatory basis for making a hiring decision. *See Sembos v. Philips Components*, 376 F.3d 696, 701 n.4 (7th Cir. 2004) (recognizing that over-qualification constituted "a legitimate, non-discriminatory reason for rejecting [plaintiff] for the open positions"); *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 679 (7th Cir. 1998) ("Courts have recognized a variety of legitimate job prerequisites that an employer may establish consistently with nondiscrimination laws. It is possible, for example, for an employer to consider someone either under-qualified or over-qualified for a particular job.").

      Plaintiff specifically acknowledged that he had been post-doctoral for roughly 15 years when he applied for the post-doctoral position, and that Professor Gagliardi's email plainly stated that her decision not to hire him was because he was too "senior" for the position given that he "had [his] PhD in 2010." (Doc. 1, Compl. ¶ 26, 28; Doc. 1-1, Ex. A to Compl. at 2.) Plaintiff's ADEA disparate impact claim should therefore be dismissed with prejudice because the decision to reject his application was based not on his age but on his experience level based on the year he received his PhD not being suitable for the position, a reasonable factor other than age. Plaintiff has pleaded himself out of court.

## CONCLUSION

Plaintiff has not stated an ADEA discrimination claim upon which relief can be granted, and therefore Count I, the sole count in his Complaint, should be dismissed with prejudice and without leave to amend.

Dated: August 27, 2025.　　　　　　　　　　　　Respectfully submitted,

**THE UNIVERSITY OF CHICAGO**

By: /s/ *Sandy L. Morris*
One of Respondent's Attorneys

Sandy L. Morris (IL Bar No. 6270309)
John V. Casey (IL Bar No. 6335663)
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph, Ste 3400
Chicago, IL 60601
(312) 238-9545
(312) 620-9209
smorris@vablawfirm.com
jcasey@vablawfirm.com
*Counsel for Defendant The University of Chicago*

## **CERTIFICATE OF SERVICE**

      I, Sandy L. Morris, an attorney, hereby certify that on this 27th of August 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the court's system.

                                          /s/ *Sandy L. Morris*