UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG WANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNIVERSITY OF CHICAGO, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:25-cv-08865 <br><br> Judge: Albert Berry III |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

NOW comes Cong Wang ("Plaintiff"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), respectfully bringing this Motion for Leave to file this First Amended Complaint, and in support thereof, states as follows:

1. On July 29, 2025, Plaintiff filed their Complaint seeking redress for the University of Chicago's ("Defendant") discrimination on the basis of Plaintiff's age under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"). [Dkt. No. 1].

2. On August 27, 2025, Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint [Dkt. No. 11].

3. On August 27, 2025, Defendant also filed a Motion to Dismiss Plaintiff's Complaint [Dkt. No. 12].

4. Plaintiff requests leave to file their First Amended Complaint to cure the deficiencies outlined in Defendant's motions to dismiss, a copy of which was filed on September 24, 2025 [Dkt. No. 15].

5. Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires. *See* Fed. R. Civ. P. 15(a)(2).

6. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7. A District Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amended, etc." *Id.*

8. Justice would be served if Plaintiff is granted leave to amend their Complaint.

9. Plaintiff's Motion for Leave to Amend is not brought for purposes of causing undue delay, nor is it the result of bad faith or other dilatory motive. This is Plaintiff's first request to amend their Complaint and Defendants will not suffer any prejudice as a result of the amendment.

10. Defendant stated that they oppose this motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file their First Amended Complaint and to grant any other relief deemed just and proper.

Dated: September 25, 2025 Respectfully submitted,

/s/ *Chad W Eisenback*
CHAD W. EISENBACK, ESQ.
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

        Phone (630) 575-8181
        Fax (630) 575 - 8188
        ceisenback@sulaimanlaw.com
        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    Sandy L. Morris (IL Bar No. 6270309)
    John V. Casey (IL Bar No. 6335663)
    Valentine Austriaco & Bueschel, P.C.
    300 E. Randolph, Ste 3400
    Chicago, IL 60601
    (312) 238-9545
    (312) 620-9209
    smorris@vablawfirm.com
    jcasey@vablawfirm.com
    Counsel for Defendant The University of Chicago

        */s/Chad W. Eisenback, Esq.*
        Chad W. Eisenback, Esq.