**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONG WANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-08865 |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | Mag. Judge Albert Berry III |
| | ) | |
| Defendant. | ) | |

**THE UNIVERSITY OF CHICAGO'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The University of Chicago ("the University") moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Cong Wang's ("Plaintiff's") Amended Complaint in which he brings claims for age discrimination under the Age Discrimination Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA").

## INTRODUCTION

Plaintiff's Amended Complaint suffers from the same deficiencies as his initial Complaint in that Plaintiff continues to assert claims that are based on alleged discrimination where none exists. Plaintiff alleges that when he sought a post-doctoral associate position on a University of Chicago professor's research team, the professor told him that his application would not be considered because his advanced experience level, accrued over the 15 years since he had received his PhD, was not the right one for the job, which was intended for those who had recently earned their PhD. Despite his patent unsuitability for the position, Plaintiff now alleges that he was subjected to disparate treatment based on his age.

Plaintiff's claims fail and should be dismissed for two reasons. First, Plaintiff pleaded himself out of court by conceding that his age was not the but-for reason for his non-hire. Plaintiff acknowledges in his Amended Complaint that he was rejected twice for similar positions even before he turned 40, precluding as a matter of law a finding that his age was the but-for reason for his non-hire after he turned 40. Plaintiff also pleaded himself out of court a second time because he concedes that the University explained that it rejected his application because he did not have the right level of experience, which is a non-discriminatory reason for an employment decision.

## FACTUAL ALLEGATIONS

Plaintiff is 41 years old and received his PhD in Physical Chemistry in 2010. (Doc. 15, Am. Compl. ¶¶ 12, 29.) He alleges that he first applied to join University of Chicago Professor Laura Gagliardi's research group in 2019 but was ultimately not selected. (Doc. 15, Compl. ¶¶ 15, 18.) According to Plaintiff, he reached out to Professor Gagliardi again in February 2023, a second time before turning 40, to inquire about joining her team and was told that there were no openings. (Doc. 15, Compl. ¶¶ 15, 18–19.)[1] Plaintiff reached out to Professor Gagliardi about employment two final times after he turned 40, once in August 2024 and another time in November 2024. (Doc. 15, Compl. ¶¶ 20–24.) Professor Gagliardi did not respond to his August 2024 message but did respond to his November 2024 message by email, stating "You have reached out to me several times. I appreciate your expertise and interest in my group. However, I do not hire people who are as senior as you are (you had your PhD in 2010). I encourage you to apply elsewhere." (Doc. 15, Compl. ¶¶ 21, 27–28.)

---

[1] Plaintiff does not specifically allege his date of birth or when he turned 40, but if, as he alleges, he was 41 as of September 25, 2025, he could not have been over 40 when he allegedly applied the first two times in approximately 2019 and on February 17, 2023. (Doc. 145, Am. Compl. ¶¶ 12, 13, 15, 18.)

Plaintiff filed this lawsuit in July 2025, pleading a single ADEA disparate impact claim. (Doc. 1, Compl.). He specifically alleged that he was denied employment because Professor Gagliardi's "policy or practice of rejecting applicants based on the seniority and/or PhD graduation year disproportionately impacts individuals 40 years or old[er], including" himself. (Doc. 1, Compl. ¶¶ 31–32.) The University moved to dismiss the Complaint on August 27, 2025, arguing that applicants like Plaintiff could not plead an ADEA disparate impact claim and, even if he could, had failed to plead a claim upon which relief could be granted because the University's employment decision was based on a reasonable factor other than age. (Doc. 12.)

Instead of responding to the motion, Plaintiff filed an Amended Complaint on September 24, 2025, in which he abandons his legally barred disparate impact claim and cursorily alleges disparate treatment claims based on age under the ADEA and IHRA.[2] Plaintiff alleges that his final rejection in November 2024 was wrongful because it occurred after he turned 40. (Doc. 15, Am. Compl. ¶ 1.) Plaintiff's admissions that he had previously applied and been rejected for the position before turning 40 as well as his acknowledgement that Professor Gagliardi cited his extensive experience when rejecting his application in November 2024 plead Plaintiff out of court and demonstrate that his disparate treatment claims under the ADEA and IHRA should be dismissed. (Doc. 15, Am. Compl. ¶¶ 28–30, 32.)

## ARGUMENT

### I.  LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Gunn v.*

---

[2] One day after filing his Amended Complaint without leave of court, Plaintiff sought leave on September 25, 2025. (Doc. 16.) The Court struck Plaintiff's Amended Complaint on September 26, 2025 (Doc. 17) but granted Plaintiff leave to proceed with the Amended Complaint on October 8, 2025 (Doc. 20). Although Plaintiff has not refiled his Amended Complaint since leave was granted, the University is filing its Motion to Dismiss in accordance with the Court's briefing schedule.

*Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation omitted); *see also McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (affirming dismissal of complaint where plaintiff simply recited the elements of his claims without alleging specific facts). Further, a plaintiff may plead himself out of court if the pleadings allege facts that demonstrate the plaintiff cannot state a claim. *Thompson v. Ill. Dep't of Prof'l Regul,*, 300 F.3d 750, 753–54 (7th Cir. 2002).

## II. PLAINTIFF'S DISPARATE TREATMENT CLAIMS SHOULD BE DISMISSED.

Plaintiff's ADEA and IHRA disparate treatment claims should be dismissed because Plaintiff's pleadings demonstrate age was not the but-for cause of his failure to get the job and that Professor Gagliardi relied on a reasonable factor other than age in rejecting Plaintiff's application.

### A. Plaintiff's pleadings demonstrate that age was not the but-for cause of his non-hire.

It is widely recognized that "[a] plaintiff seeking to recover for disparate treatment under the ADEA must 'prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action.'" *Carson v. Lake Cty.*, 865 F.3d 526, 532 (7th Cir. 2017) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)); *see also Gray v. Arrow Elecs., Inc.*, No. 16-cv-09719, 2019 U.S. Dist. LEXIS 53203, at *8 (N.D. Ill. Mar. 28, 2019) (applying federal standards to Illinois claims); *Zaderaka v. Ill. Human Rights Com.*, 545 N.E.2d

4

684, 687 (Ill. 1989) (same).

Plaintiff, by his own admission, was rejected from the position at least twice before he even reached a protected age. Plaintiff states in his Amended Complaint, filed on September 24, 2025, that he is currently 41 years old and is thus subject to the protections of the anti-discrimination laws, which apply to individuals aged 40 and older. (Doc. 15, Am. Compl. ¶¶ 12, 14); *see Tyburski v. City of Chi.*, 964 F.3d 590, 598 (7th Cir. 2020). This necessarily means that he was less than 40 years old in 2019 and February 2023 when he admits that he was also not hired from the same type of opening on Professor Gagliardi's team. (Doc. 15, Am. Compl. ¶¶ 15–19.) Plaintiff's own allegations therefore demonstrate that age could not have been the but-for cause of Plaintiff's rejections. *See Hamilton v. Caterpillar, Inc.*, 966 F.2d 1226, 1227 (7th Cir. 1992) ("the ADEA does not protect the young as well as the old, or even, we think, the younger against the older") (internal citations omitted). What remained true even in 2019 and 2023, however, was that Plaintiff was applying to post-doctoral positions having amassed more post-doctoral experience, 9 and 13 years, respectively, than fit with the posted position. That Professor Gagliardi explained this to Plaintiff after Plaintiff turned 40 does not transform the consistent rejections of Plaintiff's applications into age-based discrimination, much less turn age into a but-for cause of the rejections. *See* (Doc. 15, Am. Compl. ¶¶ 12, 22, 27–28). Plaintiff's own pleadings underscore that Plaintiff cannot succeed on his disparate treatment claim under either the ADEA or IHRA, and his claims should therefore be dismissed.

### B. The denial of Plaintiff's application was based on his level of experience and thus a reasonable factor other than age.

Plaintiff's disparate treatment claims additionally fall short because, as Plaintiff's pleadings admit, Professor Gagliardi based her decision on Plaintiff's level of experience not fitting the position, a reasonable factor other than age. Plaintiff specifically acknowledged that he

had been post-doctoral for roughly 15 years when he applied for the post-doctoral position on Professor Gagliardi's team. (Doc. 15, Am. Compl. ¶ 29) ("Plaintiff obtained his PhD in Physical Chemistry in 2010"). He additionally admits that his experience in the industry was "extensive." (Doc. 15, Am. Compl. ¶ 30.) Professor Gagliardi notably never mentioned Plaintiff's age when rejecting him but instead clearly explained to Plaintiff that his extensive, 15 years of post-doctoral experience was not what she was looking for in a candidate for a post-doctoral position on her team when she told Plaintiff in her email that she "do[es] not hire people who are as senior as you are (you had your PhD in 2010)." (Doc. 15, Am. Compl. ¶ 28.)

The rejection of an applicant because he or she has more experience than is fitting for the position is a well-recognized, non-discriminatory basis for an employment decision. For example, in *Senner v. Northcentral Technical College*, the Seventh Circuit held that a 54-year-old male candidate for an instructor job at a technical college who held a doctorate in education but lost out on the position to a younger, less qualified female could not succeed on his age-discrimination claim because the school could justifiably believe that his level of experience did not fit the position. 113 F.3d 750, 756 (7th Cir. 1997) ("It may be unfair for instructors at a technical college to think that a colleague with a doctorate is over-qualified to teach their students, but it is hardly proof of . . . age discrimination . . ."). Additionally, in *Johnson v. Cook Inc.*, the Seventh Circuit again recognized that level of experience was a legitimate basis for rejecting a candidate when it held that the defendant company did not discriminate on the basis of age when it chose not to hire the plaintiff, a man who had been out of school for 30 years and accrued many years of sales experience, for an entry level sales job. 327 F. App'x 661, 664–65 (7th Cir. 2009) ("Cook was perfectly free to reject [plaintiff's] application because with his surfeit of sales experience, he did not meet the job requirements; *i.e.* he was *unqualified* for Cook's entry-level jobs.") (emphasis in original). These decisions are not outliers. Experience level has regularly been deemed a

6

legitimate, non-discriminatory basis for making a hiring decision. *See Sembos v. Philips Components*, 376 F.3d 696, 701 n.4 (7th Cir. 2004) (recognizing that over-qualification constituted "a legitimate, non-discriminatory reason for rejecting [plaintiff] for the open positions"); *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 679 (7th Cir. 1998) ("Courts have recognized a variety of legitimate job prerequisites that an employer may establish consistently with nondiscrimination laws. It is possible, for example, for an employer to consider someone either under-qualified or over-qualified for a particular job.").

Further, Plaintiff, by arguing that his rejection was age-based, improperly treats the year someone earned a PhD as an ironclad proxy for their age and tries to invoke a disparate impact claim without pleading one. A successful disparate treatment claim under the ADEA requires a plaintiff to demonstrate that he or she was treated less favorably than a younger applicant. Plaintiff not only does nothing more than pay lip service to that requirement, *see* (Doc. 15, Am. Compl. ¶¶ 43, 52) (offering a conclusory recitation of the requirement without further detail), but fails to address that Professor Gagliardi's basis for choosing individuals to fill post-doctoral positions on her team gives no weight to age. *See Carson*, 865 F.3d at 534 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993)) ("'age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based'"). Indeed, Professor Gagliardi's expressed choice to hire based on experience level would lead her to reject a candidate with 10 years of post-doctoral experience whether the candidate was 38 or 48 years old. While Plaintiff additionally alleges that the hiring choice "disproportionately impacts individuals 40 years or older," (Doc. 15, Am. Compl. ¶ 35), that would support a disparate impact claim, not a disparate treatment claim, and Plaintiff clearly abandoned any disparate impact claim in the Amended Complaint based on the University's response to his first Complaint in which the University cited caselaw that precludes

7

an applicant from asserting such a claim. *See Kleber v. CareFusion Corp.*, 914 F.3d 480, 481 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 306 (2019). Ultimately, Plaintiff is the only one inserting age into what was clearly a decision based on mismatched experience, and Plaintiff has not alleged a viable disparate treatment claim of age discrimination.

Plaintiff's ADEA and IHRA disparate treatment claims should therefore be dismissed with prejudice. The decision to reject applications from individuals like Plaintiff with a mismatched amount of experience are not based on age, as only Plaintiff's conclusory allegations assert, but instead on the level of experience not being suitable for the position, a reasonable factor other than age. Plaintiff pleads himself out of court.

## CONCLUSION

Plaintiff has not stated a claim under the ADEA or IHRA upon which relief can be granted. Therefore, Counts I and II of Plaintiff's Amended Complaint should be dismissed with prejudice and without leave to amend.

Dated:  October 29, 2025.                    Respectfully submitted,

                                             **THE UNIVERSITY OF CHICAGO**

                              By:     /s/ *Sandy L. Morris*
                                      One of Respondent's Attorneys

Sandy L. Morris (IL Bar No. 6270309)
John V. Casey (IL Bar No. 6335663)
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph, Ste 3400
Chicago, IL 60601
(312) 238-9545
(312) 620-9209
smorris@vablawfirm.com
jcasey@vablawfirm.com
*Counsel for Defendant The University of Chicago*

**<u>CERTIFICATE OF SERVICE</u>**

I, Sandy L. Morris, an attorney, hereby certify that on this 29th of October 2025, a copy of

the foregoing was filed electronically. Parties may access this filing through the court's system.


_____ /s/ *Sandy L. Morris* _____