**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONG WANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-08865 |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | Mag. Judge Albert Berry III |
| | ) | |
| Defendant. | ) | |

**THE UNIVERSITY OF CHICAGO'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant The University of Chicago ("the University"), pursuant to Federal Rule of Civil Procedure 12(b)(6), submits its Reply in Support of its Motion to Dismiss Plaintiff Cong Wang's ("Plaintiff's") Amended Complaint, in which he brings claims for age discrimination under the Age Discrimination Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA").

## INTRODUCTION

As the University explained in its opening motion, Plaintiff has failed to state claims for age discrimination under the ADEA or IHRA. But Plaintiff's Response does not respond to the University's arguments. Instead, Plaintiff incorrectly recasts the University's arguments as attempting to impose a summary judgment standard at this dismissal stage. In fact, the University simply seeks to have the Court apply the well-established standards applicable to a motion to dismiss and accept the well-pleaded material facts that Plaintiff presented in his Amended Complaint as true. As the University previously explained, these well-pleaded facts show that age could not have been the but-for cause of Plaintiff's rejections because he received rejections both before and after reaching 40 years old and show that Plaintiff received an email explicitly telling him that his applications were rejected for the non-discriminatory reason that his extensive

experience did not fit with the post-doctoral position to which he was applying. While Plaintiff tries to save his age discrimination claims by relying on the fact that he inserted speculative, unsupported legal conclusions about age-based discrimination into his Amended Complaint, such unsupported conclusions do not hold weight at this dismissal stage. The University therefore requests that the Court dismiss Plaintiff's ADEA and IHRA claims.

## ARGUMENT

The facts that Plaintiff alleged in his Amended Complaint plead him out of court and doom his ADEA and IHRA claims because they demonstrate both that age was not the but-for cause of his rejection and that Professor Gagliardi rejected his application for a non-discriminatory reason. *See* (Doc. 21, Mot. at 4–8); *Zaderaka v. Ill. Human Rights Com.*, 545 N.E.2d 684, 687 (Ill. 1989) (applying federal standards to IHRA claims). Reaching that conclusion does not require reliance on a summary judgment standard or analysis of facts outside of the Amended Complaint, as Plaintiff suggests in his Response, (Doc. 24, Resp. at 4), but instead a simple review of the facts that Plaintiff himself alleged.

### A. The University and Court may rely on Plaintiff's well-pleaded facts to dismiss Plaintiff's claims at the motion to dismiss stage.

At the dismissal stage, the Court may consider the factual merits of a case if it limits its analysis to those facts that Plaintiff chose to put before it for consideration. As Plaintiff recognizes in his Response, a court evaluating a motion to dismiss "must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader." (Doc. 24, Resp. at 3) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)). It is therefore counterintuitive that Plaintiff also suggests in his Response that the University was acting "improperly" by arguing the factual merits of the case in its opening motion. *See* (Doc. 24, Resp. at 4) (arguing "Defendant attempts to improperly argue the factual merits of the case" and

that "a question of fact . . . is not ripe at the pleading stage"). Plaintiff notably also does not cite to any legal authority to substantiate those statements. Moreover, the University did not present questions of fact in its motion. Instead, the University argued that the well-pleaded facts Plaintiff alleged in his Amended Complaint, taken as true at this dismissal stage, demonstrated that Plaintiff could not succeed on his age discrimination claims. *See* (Doc. 21, Mot. at 4–8). Plaintiff's alleged facts support the University's arguments for dismissal and Plaintiff has pleaded himself out of Court. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff voluntarily provides unnecessary facts in [his] complaint, the defendant may use those facts to demonstrate that [he] is not entitled to relief.");[1] *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) ("If the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief."); *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989) ("we are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim"). The Court can and should therefore rely on the facts Plaintiff alleged in his Amended Complaint to dismiss Plaintiff's ADEA and IHRA claims.

**B. Plaintiff's alleged facts demonstrate that age was not the but-for cause of the University's decision to reject him from the post-doctoral position.**

The facts that Plaintiff alleged in his Complaint make clear that age was not the but-for cause of Professor Gagliardi's decision to reject Plaintiff's application. The "but-for" standard that applies to the ADEA (and therefore also the IHRA), as Plaintiff concedes, (Doc. 24, Resp. at 4), requires that Plaintiff establish that "the employer would not have taken the adverse action if

---

[1] The Seventh Circuit's holding in *Tamayo* that the plaintiff's Title VII discrimination claim would not be dismissed despite the plaintiff's pleaded facts demonstrating alternate, non-discriminatory bases for the adverse action that occurred is not controlling here because Title VII only requires a plaintiff to satisfy a mixed-motive standard while the ADEA requires a plaintiff to meet the stricter but-for causation standard. *See Carson v. Lake Cnty.*, 865 F.3d 526, 532 (7th Cir. 2017).

plaintiff was younger than 40-years-old." *Gottlieb v. Adtalem Glob. Educ.*, No. 25 CV 7752, 2025 U.S. Dist. LEXIS 207949, at *7 (N.D. Ill. Oct. 22, 2025) (citing *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 173 (2009)). Here, that adverse action is Professor Gagliardi's decision not to hire Plaintiff for a post-doctoral role on her research team. (Doc. 15, Am. Compl. ¶¶ 22–31.) The Court need not consider any facts other than those Plaintiff has alleged or do any more than draw straightforward inferences from those facts to determine that Plaintiff has failed to show that age could have been the but-for cause of his rejection. Far from pleading facts that would allow the Court to determine that Professor Gagliardi would not have taken the adverse action if Plaintiff was younger than 40, Plaintiff pleaded facts that explicitly demonstrate that Professor Gagliardi *did* take the same adverse action against Plaintiff at least *twice* before he turned 40. *See* (Doc. 15, Am. Compl. ¶¶ 12, 14–18); (Doc. 21, Mot. at 4–5). Plaintiff does not dispute this in his Response. Instead, he again incorrectly suggests that the Court cannot consider facts at the pleading stage. (Doc. 24, Resp. at 4.) But as the University explained in the prior section, nothing prevents the Court from considering Plaintiff's own alleged facts at the dismissal stage or the University from using those facts to demonstrate that Plaintiff has failed to state a claim. *See Tamayo*, 526 F.3d at 1086; *Thompson*, 300 F.3d at 753; *R.J.R. Servs.*, 895 F.2d at 281. The Court should therefore rely on Plaintiff's own factual pleadings to hold that Plaintiff has failed to sufficiently plead that age was the but-for cause of Professor Gagliardi's rejection of his application.

### C. Plaintiff's alleged facts also demonstrate that the University rejected his application for a non-discriminatory reason.

While Plaintiff, through his Response, attempts to avoid the above but-for causation issue by arguing that his ADEA and IHRA claims are based only on the rejection of his most recent application, (Doc. 24, Resp. at 5), his allegations defeat that effort as well because the alleged facts themselves show no tie to age. Plaintiff's efforts to have the Court substitute his well-pleaded facts

4

and the reasonable inferences that can be drawn from them for the unsupported legal conclusions that he also included in his Amended Complaint and repeats in his Response should also fall short.

As the University explained in its Motion, the text of the email from Professor Gagliardi rejecting Plaintiff's most recent application, which is the key evidence for his age-discrimination argument, specifically states that the rejection was because Professor Gagliardi does not hire "people who are as senior as" Plaintiff, by which she then clarified she meant that Plaintiff received his PhD in 2010. (Doc. 15, Am. Compl. ¶ 28; Doc. 21, Mot. at 5–8.) Plaintiff cannot dispute that he had roughly 15 years of post-doctoral experience at the time of his last application and even agrees in the Amended Complaint that his experience was "extensive." (Doc. 15, Am. Compl. ¶¶ 29–30.) The facts that Plaintiff alleged, and the reasonable inferences drawn from them, therefore demonstrate that Plaintiff's rejection was based on experience, a non-discriminatory reason to reject an applicant. *See* (Doc. 24, Resp. at 5); (Doc. 21, Mot. at 6–8) (collecting cases demonstrating that rejection of a candidate for having more experience than is fitting for the position is a non-discriminatory basis for an employment decision).

Plaintiff was the only person to insert the idea of age into the decision-making process, and he did so only through purely speculative allegations and legal conclusions that carry no weight in a dismissal analysis. *See* (Doc. 21, Mot. at 6–8.) As Plaintiff himself admits, "[a] court is not obligated . . . to accept as true a legal conclusion couched as a factual allegation or [an] unsupported conclusion of fact." (Doc. 24, Resp. at 3) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Yet Plaintiff's age discrimination claims are based solely on legal conclusions couched as factual allegations, namely that "[t]he Professor's email directly references the amount of time since Plaintiff received his PhD and, therefore, his age" and that "Defendant refused to hire Plaintiff on the basis of Plaintiff's age." (Doc. 15, Am. Compl. ¶¶ 34, 44, 53.) He further relies on such legal conclusions in his Response, stating without further support that Professor Gagliardi's

reference to the time since he received his PhD "was the proxy for his age." (Doc. 24, Resp. at 5.) As Plaintiff implicitly recognized in citing *Twombly*, his claims under the ADEA and IHRA cannot survive just because he has put forward an incorrect, unsupported, and speculative belief that Professor Gagliardi relied on age in rejecting his application, particularly when that belief is inconsistent with the facts he has put before the Court. *See Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (holding that the plaintiff "is not saved by having pleaded a legal conclusion that if consistent with the facts would establish his right to relief, [when] he has shown that it is inconsistent with the facts"). The Court should therefore dismiss these unsupported claims.

## CONCLUSION

For the foregoing reasons, Plaintiff has not stated a claim under the ADEA or IHRA upon which relief can be granted. Therefore, Counts I and II of Plaintiff's Amended Complaint should be dismissed with prejudice and without leave to amend.

Dated:  December 2, 2025.                   Respectfully submitted,

                                            **THE UNIVERSITY OF CHICAGO**

                              By:    /s/ *Sandy L. Morris*
                                     One of Respondent's Attorneys

Sandy L. Morris (IL Bar No. 6270309)
John V. Casey (IL Bar No. 6335663)
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph, Ste 3400
Chicago, IL 60601
(312) 238-9545
(312) 620-9209
smorris@vablawfirm.com
jcasey@vablawfirm.com
*Counsel for Defendant The University of Chicago*

## <u>CERTIFICATE OF SERVICE</u>

I, Sandy L. Morris, an attorney, hereby certify that on this 2nd of December 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the court's system.

        /s/ *Sandy L. Morris*